UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MATTHEW J. COOK,

        Petitioner,

    v.                                  Case No. 06-C-1006

UNITED STATES,

        Respondent.

---

**ORDER**

---

On September 26, 2006, Matthew J. Cook filed this motion for post-conviction relief pursuant to 28 U.S.C. § 2255. After Cook pleaded guilty to conspiracy to manufacture methamphetamine and conspiracy to steal anhydrous ammonia with knowledge that it would be used to manufacture methamphetamine, this court convicted him on both counts and sentenced him on May 12, 2006, to 78 months in prison. He has not appealed his conviction.

Cook claims he is entitled to relief because he was denied his Sixth Amendment right to the effective assistance of counsel. Also accompanying his petition is a motion to proceed *in forma pauperis*, Generally, in order to initiate an action in federal court, a filing fee must be paid or the litigant must be granted permission to proceed *in forma pauperis*. A § 2255 motion, however, deviates from the norm. A filing fee is not required of a movant in a § 2255 proceeding. This is because a § 2255 proceeding is not viewed as an independent action but rather as a "continuation of the criminal case whose judgment is under attack." *See* 28 U.S.C. § 2255, Rules Governing § 2255 Proceedings for the United States District Courts, Rule 3 Advisory Committee Notes. Accordingly, Cook's motion to proceed *in forma pauperis* is denied as moot.

Dockets.Justia.com

I next proceed to a screening of Cook's petition to see if he states a claim upon which § 2255 relief could be granted. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings.

Cook claims ineffective assistance of trial counsel. More specifically, he claims he would have appealed had not his attorney, after sentencing, given him false information. Cook claims that he asked his attorney "what judge I would go back in front of and he told me the same one if I would appeal." (Petition at 7.) Were it not for this false information, Cook claims, he would have appealed. (Petition at 8.)

Even if true, these allegations would not entitle Cook to relief. The plain fact is that the statement attributed to counsel is true. If Cook were to successfully appeal and his case was remanded, he would again be before me. Generally, cases are reassigned to a different district court judge on remand only if they were first tried in the district court and remanded for a new trial. See Rule 36, Circuit Court Rules for the Court of Appeals for the Seventh Circuit. More importantly, however, Cook's claim fails because he waived his right to appeal in the plea agreement he entered with the government. (Plea Agreement, ¶ 32, Case No. 05-CR-226.) Allegations of ineffective assistance of counsel arising from statements Cook's attorney made to him after sentencing do not relate to the validity of his prior waiver absent some claim that those statements either were made in connection with the negotiation of the waiver, or undermined the knowing and voluntary nature of the waiver. *See, e.g., Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000), *cert. denied*,

2

531 U.S. 1175 (2001).  The attorney's statements cannot have been made in connection with the negotiation of the waiver for the simple fact that they occurred *after* the waiver negotiation, namely, after sentencing.

Moreover, at the plea hearing, I had a colloquy with Cook in which I explained the sentence that he faced, and, furthermore, that he was also giving up his right to appeal the sentence or in any way challenge it, subject to three narrow exceptions.[1]  I concluded that Cook knowingly and voluntarily entered into the plea agreement, and he stated he was satisfied with the performance of his counsel at the time of the entry of the plea.  I was satisfied that Cook fully understood the rights he was waiving and that he made his decision to waive those rights freely and voluntarily.

I conclude from the face of the petition and the prior proceedings in this matter that Cook is not entitled to relief under § 2255.  Accordingly, his petition will be summarily dismissed.

**IT IS THEREFORE ORDERED** that Cook's motion to proceed *in forma pauperis* is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Cook's motion for post-conviction relief under 28 U.S.C. § 2255 is summarily **DENIED** for failure to state a claim upon which relief could be granted and this action is **DISMISSED**..

Dated this   29th   day of September, 2006.


   s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] The waiver "does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel." (Plea Agreement, ¶ 32, Case No. 05-CR-226.)